RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 5/30/08
BY JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES W. GLEASON | CIVIL ACTION NO. 08-0194 |
| VS. | SECTION P |
| GUFFEY PATTISON, ET AL. | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff James W. Gleason, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections filed the instant civil rights complaint (42 U.S.C. §1983) *in forma pauperis* on February 7, 2008. Plaintiff complains that he was denied access to the courts when he was incarcerated at the Sabine Parish Detention Center from June 2002 through September 2003 and as a result, he could not timely seek further direct review in the Louisiana Supreme Court following the Second Circuit Court of Appeals' January 29, 2003 judgment affirming his conviction and sentence. He prays for the reinstatement of his direct appeal rights and post-conviction rights along with an unspecified amount of compensatory and punitive damages and names as defendants Sabine Parish, its Sheriff Guffey Pattison, and Sabine Parish Detention Center's Warden Dillard. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following

reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Statement of the Case*

On April 5, 2002, plaintiff was convicted of armed robbery following a bench trial in the Fifth Judicial District Court, Franklin Parish. On June 18, 2002 he was sentenced to serve 30-years at hard labor. Through court-appointed appellate counsel he appealed his conviction and sentence to Louisiana's Second Circuit Court of Appeals raising two assignments of error, insufficiency of the evidence and excessiveness of sentence. On January 29, 2003, his conviction and sentence was affirmed by the Second Circuit Court of Appeal. See State of Louisiana v. James W. Gleason, 36,774 (La. App. 2 Cir. 1/29/2003), 836 So.2d 1165.

While the matter was pending on appeal, plaintiff was transferred to the Sabine Parish Detention Center in Many, Louisiana, to await trial on armed robbery charges in that jurisdiction. On January 31, 2003, his court-appointed appellate counsel corresponded to plaintiff and advised him of the result of his appeal. Counsel further advised plaintiff, "This action on behalf of the Court of Appeal ends my work on your behalf, and although it is my professional opinion that it will not be granted, you can file an application for writs to the Louisiana Supreme Court. Should you choose to do so, you will have to file the application for writs within thirty days from the decision

date, January 29, 2003." Counsel also advised plaintiff that under Louisiana law he had a period of two years within which to file an application for post-conviction relief in the state courts, and, a period of only one year within which to apply for *habeas corpus* in the federal court. [rec. doc. 1-4, p. 1]

On June 30, 2003 plaintiff's trial in Sabine Parish commenced. He was ultimately found guilty as charged and in August 2003 he was sentenced to serve 35 years at hard labor. Again, appellate counsel was appointed and a timely appeal was filed. On May 12, 2004 the Louisiana Third Circuit Court of Appeals affirmed plaintiff's conviction and sentence in an unpublished opinion. State of Louisiana v. James W. Gleason, 2003-1605 (La. App. 3 Cir. 5/12/2004), 874 So.2d 437. His court-appointed appellate counsel sought writs in the Louisiana Supreme Court, however, on November 8,2004 writs were denied. State of Louisiana v. James W. Gleason, 2004-1382 (La. 11/8/2004), 885 So.2d 1123.[1]

On January 20, 2005 plaintiff filed an Application for Post-Conviction Relief attacking the conviction in the Fifth Judicial District Court. This collateral attack was unsuccessful and concluded with the Louisiana Supreme Court's denial of writs in

---

[1] This chronology of events from the Sabine Parish trial were obtained from pleadings and exhibits filed in the petition for writ of *habeas corpus* filed by plaintiff in this court in August 2007 in the matter entitled James W. Gleason v. Warden, Winn Correctional Center, Civil Action No. 5:07-cv-1408. That matter remains pending in the Shreveport Division of the court.

on May 5, 2006. <u>State of Louisiana ex rel. James W. Gleason v. State of Louisiana</u>, 2005-2161 (La. 5/5/2006), 927 So.2d 306, reconsideration denied 8/31/2007, 962 So.2d 434. Plaintiff then filed a petition for writ of *habeas corpus* in the Monroe Division of this court in September 2007. On October 29, 2007 Magistrate Judge Karen L. Hayes authored a Report recommending dismissal of plaintiff's *habeas corpus* petition as time-barred. On January 9, 2008 Judge Robert G. James adopted the Report and Recommendation and entered a judgment of dismissal.[2] Plaintiff sought a Certificate of Appealability which was denied by Judge James on February 1, 2008. He then applied for a COA with the United States Fifth Circuit Court of Appeals. That appeal remains

---

[2] Magistrate Judge Hayes observed that plaintiff's judgment and conviction became final for AEDPA purposes on March 1, 2003 when the delays for seeking further direct review in the Louisiana Supreme Court expired. She thus concluded that plaintiff had one-year, or until March 1, 2004 to seek federal *habeas corpus* relief. Finally, she observed that plaintiff could not avail himself of the statutory tolling provisions of §2244(d)(2) because plaintiff did not file his application for post-conviction relief in the State courts until January 21, 2005 and, even though his state post-conviction application was timely under Louisiana law, it could not serve to toll limitations since by the time it was filed, his federal AEDPA limitations period had already expired. Magistrate Judge Hayes further concluded that plaintiff was not eligible for either equitable tolling or statutory tolling under §2244(d)(1)(B) because by his own admission, he was released from maximum security in April 2002. [see doc. 1-4, pp. 3-9] As noted above, plaintiff objected to the Report and Recommendation and notified the court that he had erred in his original petition with respect to the time he was detained in maximum security. He asked the court to note that his release occurred in September 2003, and not April, 2002.

Plaintiff suggested that he should be afforded the benefits of statutory tolling pursuant to §2244(d)(1)(B) because his confinement in maximum security was an impediment to filing. However, since the impediment to filing ceased in September 2003, plaintiff's federal petition would still be time-barred because more than one un-tolled year elapsed before he filed his state post-conviction application in January, 2005. This fact was apparent to Judge James who rejected plaintiff's objection and his motion for a COA.

Page 4

pending in the Fifth Circuit. See <u>James W. Gleason v. Warden</u>, Civil Action No. 3:07-cv-1577.[3]

Plaintiff signed the instant complaint on January 25, 2008. [rec. doc. 1, p. 5] It was mailed in February and received and filed on February 7, 2008. [*Id.* p. 7]

### Law and Analysis

#### 1. Frivolity Review

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). <u>Ali v. Higgs</u>, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir.1993); see,

---

[3] In his original petition plaintiff alleged that he was housed in a "maximum security cell" without access to a law library from June 2001 through April 2002. [<u>James W. Gleason v. Warden</u>, Civil Action No. 3:07-cv-1577 at doc. 1-4, p. 2] He objected to the Report and Recommendation and alleged that he was actually confined in maximum security from July 2002 to September 2003 and "...was without proper legal counsel and or access to a law library and was not made aware of time limitations and tolling procedures with regards to filing appeals, post-conviction relief and writs of habeas corpus or the provisions of AEDPA." [Id., doc. 3] Of course, these latter allegations are refuted by the letter from his appellate counsel which has been included as an exhibit by the plaintiff. As can be seen, counsel advised plaintiff of the limitations period for seeking further direct review, and for seeking collateral review in both the Louisiana and federal courts. Further, counsel advised plaintiff that the federal limitations period was tolled during the pendency of his state post-conviction proceedings. [see rec. doc. 1-4, pp. 1-2

Page 5

Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the

complaint." <u>Macias v. Raul A. (Unknown) Badge No. 153</u>, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. <u>Neiztke v. Williams</u>, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). <u>Hicks v. Garner</u>, 69 F.3d 22, 25 (5th Cir.1995); <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir.1993); <u>Denton v. Herndandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Plaintiff has set forth specific facts which he claims entitles him to relief. Additional relevant facts are available in pending litigation involving the plaintiff. He need not be afforded an opportunity to amend his complaint.

## 2. *Limitations*

District courts are authorized to dismiss complaints as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994); <u>Gartrell v. Gaylor</u>, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation

period *sua sponte*. See <u>Harris v. Hegmann</u>, 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. <u>Wilson v. Garcia</u>, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984).

Nevertheless, the date of accrual for a §1983 claim is a question of federal law. <u>Piotrowski v. City of Houston</u>, 51 F.3d 512 (5th Cir. 1995); <u>Longoria v. City of Bay City</u>, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." <u>Piotrowski</u>, 51 F.3d at 516, quoting <u>Vigman v. Community National Bank and Trust Co.</u>, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. See, <u>Harrison v. United States</u>, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff claims that he was denied access to court while he was confined at the Sabine Parish Detention Center from June 2002 through September 2003. He has established through documentary evidence that he received notice of the Second Circuit Court of Appeals' judgment affirming his conviction in a letter from his

court-appointed appellate counsel dated January 31, 2003. In that letter counsel advised plaintiff that he had 30 days from January 29, 2003 (the date of the appeals court's decision) within which to seek further direct review in the Louisiana Supreme Court. According to plaintiff, his confinement and lack of access to a law library prejudiced him because he was unable to timely file a petition for *certiorari* in the Supreme Court.

Plaintiff's claim may be said to have accrued when the 30-day period for filing a writ of *certiorari* expired, or, on or about March 1, 2003. However, since plaintiff remained in maximum security lock-down at the Sabine Parish Detention Center until sometime in September 2003, it must be presumed that his access to courts was not restored until that date, and he should be afforded the benefits of equitable tolling on this claim. Thus, for the purposes of this Report, it will be assumed that plaintiff's access to court claim accrued in September 2003 when he was no longer confined at the Sabine Parish Detention Center and his access to courts was restored.

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. Lavellee v. Listi, 611 F.2d 1129 (5th Cir. 1980). Plaintiff thus had one year, reckoned from the date of his release from the Sabine Parish Detention Center or until September 2004 to file this complaint. As shown

above, plaintiff did not file this suit until January 2008, more than 3 years after the limitations period had expired. Plaintiff's claims are prescribed and should be dismissed.[4]

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(d)(2)(B)(i) and § 1915A(b)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

---

[4] Plaintiff implies that his confinement at the Sabine Parish Detention Center also inhibited his ability to file an application for post-conviction relief and a petition for writ of *habeas corpus* with respect to the judgment of the Fifth Judicial District Court. However, the record reveals that plaintiff was advised by his court-appointed appellate counsel of the deadlines for seeking collateral relief. Thus, by the end of January 2003 he was aware that he needed to file his federal *habeas corpus* within one year of the date that the Second Circuit affirmed his conviction; he was also aware that he needed to file his state post-conviction application within 2 years of that date. Finally, he was aware that the period during which his state post-conviction remained pending could be excluded in calculating the one-year federal limitations period. [see doc. 1-4, p. 1] Plaintiff's access to courts was restored upon his transfer from the Sabine Parish Detention Center in September 2003. His federal deadline was January 2004; his state post-conviction deadline was January 2005. Thus, plaintiff's incarceration at the Sabine Parish Detention Center could not have interfered with his right to seek either state or federal collateral review. To the extent that he implies otherwise, such a claim is without a basis in fact.

Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana May 29, 2008.

```
_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE
```